UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOYCE M. WHEELER, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CIV. 16-5062-JLV <br><br> ORDER |

Plaintiff Joyce M. Wheeler filed a complaint appealing the final decision of Nancy A. Berryhill,[1] the acting Commissioner of the Social Security Administration, finding her not disabled. (Docket 1). Defendant denies plaintiff is entitled to benefits. (Docket 7). The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF"). (Docket 9). For the reasons stated below, plaintiff's motion to reverse the decision of the Commissioner (Docket 11) is granted.

**FACTUAL AND PROCEDURAL HISTORY**

The parties' JSMF (Docket 10) is incorporated by reference. Further recitation of salient facts is incorporated in the discussion section of this order.

---

[1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed an application for social security disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging an onset of disability date of May 15, 2011. (Docket 10 ¶¶ 1, 4). The administrative law judge ("ALJ") issued a decision finding plaintiff was not disabled. Id. ¶¶ 4-17; see also Administrative Record at pp. 46-54 (hereinafter "AR at p. ___"). Plaintiff requested review of the ALJ's decision and the Appeals Council denied her request for review and affirmed the ALJ's decision. (Docket 10 ¶¶ 18-19). The ALJ's decision constitutes the final decision of the Commissioner of the Social Security Administration. It is from this decision which plaintiff timely appeals.

The issue before the court is whether the ALJ's decision that Ms. Wheeler was not "under a disability, as defined in the Social Security Act, since May 15, 2011, [through February 6, 2015]" is supported by the substantial evidence in the record as a whole. (AR at p. 53) (bold omitted); see also Howard v. Massanari, 255 F.3d 577, 580 (8th Cir. 2001) ("By statute, the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") (internal quotation marks and brackets omitted) (citing 42 U.S.C. § 405(g)).

## STANDARD OF REVIEW

The Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006); Howard, 255 F.3d at 580. The court reviews the Commissioner's decision to determine if an error of law was

committed.  Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted).

The review of a decision to deny benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account whatever in the record fairly detracts from that decision."  Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would decide the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is based on substantial evidence.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' "  Reed, 399 F.3d at 920 (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)).  Issues of law are reviewed *de novo* with deference given to the Commissioner's construction of the Social Security Act.  See Smith, 982 F.2d at 311.

The Social Security Administration established a five-step sequential evaluation process for determining whether an individual is disabled and

3

entitled to SSI benefits under Title XVI. 20 CFR § 416.920(a). If the ALJ determines a claimant is not disabled at any step of the process, the evaluation does not proceed to the next step as the claimant is not disabled. Id. The five-step sequential evaluation process is:

> (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform . . . past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.

Baker v. Apfel, 159 F.3d 1140, 1143-44 (8th Cir. 1998). See also Boyd v. Sullivan, 960 F.2d 733, 735 (8th Cir. 1992) (the criteria under 20 CFR § 416.920 are the same under 20 CFR § 404.1520 for disability insurance benefits). The ALJ applied the five-step sequential evaluation required by the Social Security Administration regulations. (AR at pp. 46-54; see also Docket 10 ¶¶ 3-17).

**STEP ONE**

At step one, the ALJ determined plaintiff had not been engaged in substantial gainful activity since May 15, 2011, the date upon which she protectively filed for DIB and SSI.[2] (Docket 10 ¶¶ 1, 4).

---

[2] The ALJ found plaintiff performed work after the alleged onset date, but "the work did not result in [substantial gainful activity.]" (AR at p. 48).

4

**STEP TWO**

"At the second step, [the agency] consider[s] the medical severity of your impairment(s)."  20 CFR § 404.1520(a)(4)(ii).  "It is the claimant's burden to establish that [her] impairment or combination of impairments are severe." Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007).  A severe impairment is defined as one which significantly limits a physical or mental ability to do basic work activities.  20 CFR § 404.1521.  An impairment is not severe, however, if it "amounts to only a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."  Kirby, 500 F.3d at 707.  "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two."  Id. (citation omitted).  Additionally, the impairment must have lasted at least twelve months or be expected to result in death.  See 20 CFR § 404.1509.

The ALJ found plaintiff suffered from the following severe impairments: "fibromyalgia[3] and lupus[4] . . . ."  (AR at p. 48, citing 20 CFR §§ 404.1520(c) & 416.920(c)) (bold omitted).

---

[3]"Fibromyalgia is a disorder that causes muscle pain and fatigue.  People with fibromyalgia have "tender points" on the body.  Tender points are specific places on the neck, shoulders, back, hips, arms, and legs.  These points hurt when pressure is put on them."  Fibromyalgia, MedlinePlus, U.S. National Library of Medicine, available at https://medlineplus.gov/fibromyalgia.html.

[4]"Systemic lupus erythematosus (SLE) is an autoimmune disease.  In this disease, the body's immune system mistakenly attacks healthy tissue.  It can affect the skin, joints, kidneys, brain, and other organs."  Systemic lupus erythematosus, MedlinePlus, U.S. National Library of Medicine, available at https://medlineplus.gov/ency/article/000435.htm.

**STEP THREE**

At step three, the ALJ determines whether claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR §§ 404.1520(d), 404.1525, and 404.1526. If a claimant's impairment or combination of impairments meets or medically equals the criteria for one of the impairments listed and meets the duration requirement of 20 CFR § 404.1509, the claimant is considered disabled. At that point the Commissioner "acknowledges [the impairment or combination of impairments] are so severe as to preclude substantial gainful activity. . . . [and] the claimant is conclusively presumed to be disabled." Bowen v. Yuckert, 482 U.S. 137, 141 (1987). A claimant has the burden of proving an impairment or combination of impairments meet or equals a listing within Appendix 1. Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). If not covered by these criteria, the analysis is not over, and the ALJ proceeds to the next step.

At this step the ALJ determined plaintiff's severe impairments did not meet or equal a listing under Appendix 1. (AR at pp. 49-50). The ALJ states:

> The claimant does not have any impairment or a combination thereof meeting or medically equaling one listed in 20 CFR Part 404, Subpart P and Appendix 1 (20 CFR 404.1521(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> The claimant carries the burden of establishing that her impairments satisfy a listed impairment. However, the undersigned examined all impairments listed in 20 CFR Part 404, Subpart P and Appendix 1, specifically, 14.02, and does not find requisite medical findings meeting a listing as the record does not reflect that the claimant has severe fatigue, fever, malaise, or involuntary weight loss.

Id. (bold omitted).

6

Plaintiff challenges this finding. (Docket 12 at pp. 12-18). Plaintiff argues defendant failed to follow Social Security Ruling 12-2p ("SSR 12-2p"). Id. at p. 13. Plaintiff asserts SSR 12-2p provides a framework the ALJ must follow at step three when the ALJ determines fibromyalgia is one of the claimant's severe impairments. Id. at pp. 13-14. Because the ALJ did not expressly apply SSR 12-2p, plaintiff believes the ALJ committed error at step three. Id. Plaintiff also claims the ALJ's failure to follow SSR 12-2p taints his findings on the credibility of plaintiff's testimony. Id. at pp. 15-18.

Defendant contends the ALJ did not make an error at step three. (Docket 13 at pp. 17-22). Defendant argues the ALJ's statement that "he evaluated 'all impairments listed in 20 C.F.R. Part 404, Subpart P and Appendix 1[ ]' " demonstrates he conducted a sufficient review of plaintiff's impairments at step three. Id. at p. 18. Defendant claims any error the ALJ may have committed regarding SSR 12-2p "was harmless because the evidence generally fails to show that [plaintiff] met a listing." Id. at p. 18.

The introductory summary of SSR 12-2p specifically states "[t]his ruling provides guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." SSR 12-2p, 2012 WL 3104869, at *1. In determining how fibromyalgia is analyzed at step three of the sequential evaluation process, SSR 12-2p says fibromyalgia "cannot meet a listing in appendix 1 because [it] is not a listed impairment. At step 3, therefore, we

7

determine whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." Id.

This provision is an inclusive analysis, that is, fibromyalgia will be medically equal to a listing if it meets the criteria of Listing 14.09D or another listing within Appendix 1.  SSR 12-2p does not permit an ALJ to conclude a claimant's impairment does not equal another listing, and then choose not to consider Listing 14.09D on that basis.  To adopt this interpretation would allow an ALJ to conclude claimant's fibromyalgia does not meet the criteria of, for example, Listing 14.02, systemic lupus erythematosus, so the ALJ need not consider Listing 14.09D.  SSR 12-2p permits an ALJ to look to other listings.  If the claimant's impairment does not qualify in another listing, the ALJ must evaluate the impairment under Listing 14.09D.

It is clear the Social Security Administration intended an ALJ to evaluate fibromyalgia under Listing 14.09(D).  "Social Security Administration regulations . . . 'are binding on all components of the Administration.'" Carter v. Sullivan, 909 F.2d 1201, 1202 (8th Cir. 1990) (citing 20 CFR § 422.408). The "agency's failure to follow its own binding regulations is a reversible abuse of discretion." Id.  The ALJ's finding cannot be sustained because an error of law occurred. Smith, 982 F.2d at 311.

This case is nearly identical to three fibromyalgia disability cases in the District of South Dakota where an ALJ failed to comply with SSR 12-2p and

8

apply Listing 14.09D.  See Sunderman v. Colvin, 4:16-CV-04003, 2017 WL 473834, at *6-7 (D.S.D. Feb. 3, 2017); Schleuning v. Berryhill, CIV. 16-5009, 2017 WL 1102607, at *3-5 (D.S.D. Mar. 23, 2017); Jockish v. Colvin, 5:15-CV-05011, 2016 WL 1181680 (D.S.D. Mar. 25, 2016).  In Sunderman, the court found reversible error and "remanded the case back to the ALJ for consideration of the medical evidence in light of SSR 12-2p and listing 14.09D." 2017 WL 473834, at *7.  And in Jockish, the court held "the ALJ erred . . . because he failed to consider listing 14.09D as SSR 12-2p references."  2016 WL 1181680, at *7.

      The Commissioner's argument the ALJ's conclusion at step three is harmless error is without merit.  Much like Sunderman, Schleuning and Jockish, because the ALJ's analysis of plaintiff's fibromyalgia was conclusory, "it [is] practically impossible for a reviewing court to analyze whether the ALJ's reasoning regarding medical equivalence is sound."  Jockish, 2016 WL 1181680, at *7 (internal citation and quotation marks omitted).  As the Jockish court determined, "[b]ecause the ALJ failed to consider the appropriate listing in Appendix 1, and due to the conclusory nature of the ALJ's analysis pertaining to medical equivalence, it is necessary to remand the case for further review."  Id.; see Sunderman, 2017 WL 473834, at *7 ("And while . . . the ALJ state[d] he ha[d] 'specifically considered listing 14.06,' the ALJ's conclusory analysis ma[de] it 'practically impossible for a reviewing court to analyze' whether the ALJ's reasoning regarding medical equivalence [was] sound.") (internal citations omitted).

9

As a result of the error at step three, the court will not address plaintiff's remaining challenges to the ALJ's decision. Similar to Sunderman, "[t]he record contains medical . . . records, as well as other evidence, that were submitted to the Social Security Administration after the ALJ's decision was issued." 2017 WL 473834, at *7; (Docket 17 at pp. 3-4) (discussing the records submitted after the ALJ's decision). "In light of this new evidence and this court's instructions . . . it is inappropriate to render judgment on the ALJ's analysis pertaining to [plaintiff's residual functional capacity]" and plaintiff's remaining arguments. Id. The court trusts on remand the Commissioner will direct an ALJ to conduct a proceeding consistent with the requirements of the five-step sequential evaluation process for determining whether an individual is disabled. 20 CFR § 404.1520(a)(4).

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion to reverse the decision of the Commissioner (Docket 11) is granted.

IT IS FURTHER ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing consistent with the court's analysis.

Dated September 25, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE