UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOYCE M. WHEELER,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner, Social Security Administration,<br><br>    Defendant. | CIV. 16-5062-JLV<br><br>ORDER |

**INTRODUCTION**

  The court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff Joyce M. Wheeler's application for benefits, and (2) remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 22). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Steven R. Pfeiffer, counsel for Ms. Wheeler, timely moved for an award of attorney's fees and expenses. (Docket 24). The motion seeks an award of $8,715.64 in attorney's fees, which includes $531.94 in state and local sales tax, and $11.94 in expenses. (Docket 24 at p. 1). Mr. Pfeiffer's time log shows he spent 43.30 hours on this case. (Docket 24-1 at p. 2). The

---

  [1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Commissioner does not object to an award of EAJA fees, but objects to the number of hours for which Mr. Pfeiffer seeks compensation. (Docket 27). Mr. Pfeiffer also filed a motion requesting payment for the 1.25 hours he dedicated to preparing and filing the motion for EAJA fees.[2] (Docket 29). He seeks $251.61, which factors in $15.36 in state and local sales tax. Id. For the reasons stated below, the court grants the motions.

## ANALYSIS

Mr. Pfeiffer asks the court to set the hourly rate at $189, after factoring in the cost of living adjustment permitted by the EAJA. (Docket 24 at p. 1). The Commissioner does not object to the hourly rate requested. (Docket 27). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $189 is reasonable considering the training and experience of Mr. Pfeiffer in the practice of social security law.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Mr. Pfeiffer

---

[2]The Commissioner did not file an opposition to Mr. Pfeiffer's supplemental motion. The court communicated informally with the parties' attorneys and the Commissioner indicated it does not oppose the supplemental motion.

representing Ms. Wheeler were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A).

The Commissioner seeks to reduce the number of Mr. Pfeiffer's billable hours to 36.80 hours, which is a reduction of 6.5 hours. (Docket 27 at p. 8). The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 10 to 40. Id. at p. 2 (referencing Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 420 (6th Cir. 1990)). According to the Commissioner, Mr. Pfeiffer's request is "unreasonable" because the case was a "mainly routine Social Security disability case." Id. at p. 3. Aside from generally contending Mr. Pfeiffer billed an unreasonable amount of time, the Commissioner specifically claims Mr. Pfeiffer's brief supporting the motion to reverse in this case substantially overlaps with another brief Mr. Pfeiffer filed in a different Social Security case. Id. at pp. 3-8.

The court rejects the Commissioner's overarching argument that this was a "mainly routine" case. Id. at p. 3. The administrative record in Ms. Wheeler's case was 966 pages in length, which is more substantial than usual. (Docket 28 at p. 2). Having reviewed the administrative record and the medical and legal issues in the parties' filings, the court finds this case presented complex issues within a sizable administrative record. See Dillon v. Berryhill, CIV. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017) (rejecting the argument that the case was "not novel or complex" based on the court's review of the record and the intricate issues presented). The Commissioner's general argument on this point does not warrant a reduction in EAJA fees.

While the Commissioner seeks to reduce the total hours of EAJA fees, the only category of time the Commissioner pinpoints for a reduction is Mr. Pfeiffer's work on the brief supporting Ms. Wheeler's motion to reverse. (Docket 27 at pp. 3-8). The Commissioner asserts it "specifically objects to the number of hours Mr. Pfeiffer spent drafting the brief because some of the legal reasoning is recycled in another brief filed around the same time." Id. at p. 3. The critical point here is that Mr. Pfeiffer's time log indicates he spent 14.5 hours on Ms. Wheeler's brief. (Docket 24-1). The issue is whether Mr. Pfeiffer "reasonably expended" 14.5 hours on the brief. See Lays Hard v. Berryhill, CIV. 14-5063, 2017 WL 4797797, at *1-3 (D.S.D. Oct. 23, 2017). Based on this case's complexity and the extensive size of the administrative record, the court finds Mr. Pfeiffer reasonably expended 14.5 hours on the brief. See id. (finding 23.75 hours was reasonable for a 1,077-page record with similarly difficult medical and legal issues). The court rejects the Commissioner's objection on this point.

Mr. Pfeiffer seeks an additional 1.25 hours for the time expended preparing the motion for attorney's fees. (Docket 29). Consistent with the prior motion, Mr. Pfeiffer seeks a rate of $189 per hour. Id. The Supreme Court held attorney's fees under the EAJA may be awarded for the time spent applying for the EAJA fee award. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990). Mr. Pfeiffer is entitled to recover for the 1.25 hours requested.

In line with the complexity of the case, the court finds Mr. Pfeiffer reasonably expended a total of 44.55 hours, which includes the 43.30 hours detailed in plaintiff's first motion and 1.25 in the supplemental motion. (Dockets 24 & 29).  With an hourly rate of $189, the total attorney's fee award for 44.55 hours is $8,419.95.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motions (Dockets 24 & 29) are granted.

IT IS FURTHER ORDERED that plaintiff is awarded $8,979.18 comprised of $8,419.95 in attorney's fees and $547.29 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees and $11.94 in expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Joyce M. Wheeler but delivered to plaintiff's attorney Steven R. Pfeiffer, 2522 W. 41st Street #340, Sioux Falls, South Dakota 57105.

Dated January 16, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE